UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TATYANA ISHUTKINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 15-11556-FDS |
| | ) | |
| MORGAN, BROWN & JOY, LLP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

This action appears to arise out of an employment termination. Plaintiff Tatyana Ishutkina, appearing *pro se*, has brought suit against Morgan, Brown & Joy, LLP. It appears that the complaint alleges some sort of malfeasance against the law firm that represented plaintiff's former employer, Electric Boat Corporation. This is the second action that Ishutkina has filed against Morgan, Brown & Joy, LLP. The complaint is incoherent and nonsensical, and it does not identify a single cause of action.

On June 17, 2015, Morgan, Brown & Joy moved to dismiss the action. For the following reasons that motion will be granted.

### I.  Background

#### A.  Prior Litigation

Starting in 2011, Ishutkina has filed multiple law suits against (1) her former employer, Electric Boat Corporation; (2) its parent corporation; and (3) its legal counsel. *See Ishutkina v. Electric Boat Corp.*, 11-cv-11229-JLT (D. Mass.); *Ishutkina v. Electric Boat Corp.*, 11-cv-

01784-RNC (D. Conn.); *Ishutkina v. General Dynamics*, 12-cv-01290-TSE-JFA (E.D. Va.); *Ishutkina v. Electric Boat Corp.*, HHD-CV-13-5037200-S (Conn. Super. Ct.); *Ishutkina v. McGuire Woods LLP*, 13-cv-01699-CSH (D. Conn.); *Ishutkina v. Morgan, Brown & Joy LLP*, 13-cv-01117-VLB (D. Conn).

One of the previous actions was filed against defendant Morgan, Brown & Joy LLP. *Ishutkina v. Morgan, Brown & Joy LLP*, 13-cv-01117-VLB (D. Conn.). On August 2, 2013, Ishutkina filed suit against Morgan, Brown & Joy LLP in the United States District Court for the District of Connecticut. *Id*. In that case, she moved to proceed *in forma pauperis*. *Id.* That motion was referred to a magistrate judge, who recommended denying the motion. *Id.* Specifically, the magistrate judge stated that "[a]lthough the plaintiff appears to qualify for IFP status based on her financial affidavit, this [c]ourt cannot grant an IFP motion in which the underlying complaint is unclear and deficient and where the plaintiff has failed to state sufficiently the nature of the cause of action." *Id.* As a result, Ishutkina was ordered to file an amended complaint or pay the filing fee. *Id.*

On August 13, 2013, she filed an amended complaint. *Id.* On September 4, 2013, the magistrate judge issued an order recommending that the motion for leave to proceed *in forma pauperis* be granted and "that this case be dismissed without prejudice for failure to comply with the Rules of Civil Procedure." *Id.* On September 20, 2013, the court adopted the magistrate judge's recommended ruling. *Id.* The action was dismissed without prejudice because the amended complaint failed to comply with Fed. R. Civ. P. 8. *Id.* The order stated that the "plaintiff may file a motion to reopen this case, together with a Second Amended Complaint that complies with Rule 8, on or before October 21, 2013." *Id.*

On September 27, 2013, Ishutkina filed a motion to reopen the case and sought leave to file a second amended complaint. *Id.* On August 5, 2014, that motion was denied. *Id.* She moved for reconsideration on August 18, 2014. *Id.* On September 8, 2014, the court entered an order denying the motion for reconsideration. *Id.* In the order denying the motion for reconsideration, the court found that the "Second Amended Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), does not remedy the issues explain[e]d in [the] [r]ecommended [r]uling adopted by this [c]ourt, and is, for the most part prolix and incomprehensible. Ishutkina's motion to reopen is thus [denied]." *Ishutkina*, 2014 WL 4439563, *1 (D. Conn. Sept. 8, 2014). The court found as follows:

> Plaintiff's submission is rambling, at times incoherent and nonsensical, disjointed, and does not sufficiently state the Defendant's involvement in the discrimination she alleges. . . . The 28 page corpus of this pleading (and the dozens of pages of exhibits), however, neither informs the Court of the legal basis upon which Ishutkina asserts that she is entitled to relief, nor reasonably apprises the Court or the Defendant of the factual basis of her claims. . . . The Plaintiff's complaint as a whole is difficult to comprehend, conclusory, littered with unexplained and disjointed allegations devoid of supporting facts, as well as replete with what appears to be coding or engineering formulation language and unexplained hand-drawn charts. . . . The Court . . . advised the Plaintiff of the deficiencies in her original complaint. Notwithstanding the clear guidance from the Court the Plaintiff's proposed second amended complaint suffers from the same defects as her first and Plaintiff has utterly failed a second time to meet the notice pleading standard. Accordingly, leave to reopen a second time would be futile.

*Id.* at *3.

Ishutkina appealed the denial of the motion to reopen the case to the Second Circuit, and the Second Circuit dismissed the appeal on April 2, 2015. *Ishutkina v. Morgan, Brown & Joy LLP*, 13-cv-01117-VLB (D. Conn.).

### B.     Present Action

On April 8, 2015, Ishutkina filed the present action against Morgan, Brown & Joy LLP. According to the complaint, on March 31, 2015, Ishutkina made a request for a meeting with

3

attorneys Joy and Whitney, as representatives and employees of Electric Boat, a wholly owned subsidiary of General Dynamics. (Compl. ¶ 1). The request stated as follows:

> Dear Mr. Joy,
> Dear Mr. Whitney,
>
> One order from the Judge is sufficient for activating a substantial consideration of the case materials by the attorneys representing Electric Boat, a wholly owned subsidiary of General Dynamics (Company).
>
> It would take place if attorneys from a law firm representing the company have no personal interest in the processes that are taking place inside and outside the Company.
>
> Despite of the Judge orders from July 2011 to April 2015 (a period of three and a half years) all forms to activate the case have been blocked by the procedural process organized by the team of the attorneys from Morgan, Brown & Joy, LLP. The connection between these attorneys and the Company—who performs which role—has been manifested by the activation of Putin's actions.
>
> Plaintiff has support in presenting the American culture from the Navy, Pentagon, and US Congress.
>
> Detailed information will be provided during the meeting.
>
> Because Electric Boat, a wholly owned subsidiary of General Dynamics presents the State at the world arena, I believe that the office area of Mayor Pedro E. Segarra or Governor Daniel P. Malloy is an appropriate place for a meeting with you.

(*Id.*). The complaint appears to describe actions by Morgan, Brown & Joy taken in prior litigation before Judge Tauro of this court. (*Id.*). It appears to allege that "[a] conflict 'Attorneys and Judges' orders' is the subject for resolution of this complaint." (*Id.* ¶ 3).

The complaint is incoherent and nonsensical. From what can be gleaned from past actions, the complaint, and the opposition, it appears that Ishutkina alleges she was wrongfully terminated by Electric Boat Corporation. She appears to contend that actions and language by Morgan, Brown and Joy in both this litigation and in previous litigation "distract from, and conceal, the process of terrorist act development, which might have

4

been . . . disclosed through a substantive consideration of the case." (Pl.'s Opp. at 1). She also appears to contend that "[l]awyers from Morgan, Brown & Joy have deliberately instilled discriminatory practices in workplace communities through the ethos of '*follow management directions*', and the fact that all work in the organizations of the shipbuilding industry from the worker to the upper management is built on '*fear of being fired*' . . . ." (*Id.* at 2). She seeks money damages for lost income and an order reinstating her to work. (Compl.).

On June 17, 2015, Morgan, Brown & Joy moved to dismiss the action. Morgan, Brown & Joy also requested that Ishutkina be prevented from making any additional filings without express leave of this Court. Subsequent to that motion, Ishutkina moved (1) to quash defendant's motion to dismiss, (2) for default judgment, (3) for judgment on partial findings, and (4) for a hearing.

## II.     Motion to Dismiss

### A.     Legal Standard

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief."  *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (alterations omitted) (internal quotation marks omitted).

   A document filed by a *pro se* party "is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  *See also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

   **B.**  <u>**Analysis**</u>

   As pleaded, the amended complaint fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 requires a plaintiff to include in the complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant a "[']meaningful opportunity to mount a defense.'"  *Diaz-Rivera v. Rivera-Rodriguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)); *see also Redondo-Borges v. U.S. Dept. of Housing & Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005).  "District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments."  *Terrance v. Cuyahoga County*, 2005 WL 2491531, at *1 (N.D. Ohio 2005) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th

Cir. 1985)); *see also McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) (court is not required to "conjure up unpled allegations," notwithstanding duty to be less stringent with *pro se* complaints).

Here, the complaint does not include a short and plain statement showing that Ishutkina is entitled to relief against Morgan, Brown & Joy LLP. The complaint does not refer to a single cause of action, and it fails to provide sufficient factual information to set forth any plausible claim upon which relief can be granted.

In her opposition, Ishutkina contends that the "complaint states a claim for relief under 42 U.S.C. § 1983 because the defendant threatens an immediate and irreparable denial of the plaintiff's constitutional rights, and has already chilled the exercise of her rights to free expression." (Pl's Opp. at 1). "[I]n a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Even assuming that the Court could glean enough in the complaint to make out an allegation of violation of § 1983, the complaint does not "set forth minimal facts" to survive the motion to dismiss. *See id.* Therefore, the motion to dismiss will be granted.

### III.    Request to Enjoin Plaintiff from Filing

Defendant has requested that the Court issue an order enjoining plaintiff from filing any further pleadings in the United States District Court arising out of or related to the foreclosure sale of his property. A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. *Elbery v. Louison*, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993)). A court has the inherent power to manage its own proceedings

and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 46–50 (1991); *accord United States v. Kouri–Perez*, 187 F.3d 1, 6–8 (1st Cir. 1999); *John's Insulation, Inc. v. L. Addison & Assocs.*, 156 F.3d 101, 109 (1st Cir. 1998) (district court did not abuse its discretion in ordering dismissal of complaint and default judgment as a sanction for plaintiff's protracted delay and repeated violation of court's order under inherent powers rather than Rule 41).

Rather than taking the step of enjoining plaintiff at this stage, the Court will issue the following warning: plaintiff Tatyana Ishutkina is hereby warned that if she continues to file lawsuits that do not meet the standard required by Fed. R. Civ. P. 8, she may be enjoined from filing any new or additional claims, cases, complaints, or other documents in this court, without first obtaining written approval from the Court. Continuing to file such lawsuits may also result in other sanctions, including payment of attorneys' fees, expenses, and costs to the opposing party.

### IV.  Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED, and the complaint is DISMISSED. In light of plaintiff's history of attempting to litigate the same or similar issue against the former employer, its parent company, and its counsel, the dismissal is with prejudice.

**So Ordered.**

Dated: September 16, 2015

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge